IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **IBRAHIM SHARQAWI** | : |
| Plaintiff, | : |
| | : Case No. 1:20-cv-00271-PAB |
| v. | : |
| **THE KIRBY COMPANY,** *et al.*, | : Judge Pamela A. Barker |
| Defendants. | : |

## DEFENDANTS' INITIAL DISCLOSURES

Defendants The Kirby Company ("Kirby") and The Scott Fetzer Company (collectively, "Defendants"), by its attorneys, Littler Mendelson P.C., submits the following disclosures as required by Fed. R. Civ. P. 26(a)(1).

By making these disclosures, Defendants do not waive their right to object to the production of any information, document, or tangible thing on the basis of any privilege, the work-product doctrine, relevancy, undue burden, or any other objection, or their right to object to the introduction into evidence of any information, document, or tangible thing. The following disclosures are made based upon the information reasonably available to Defendants as of the date that the disclosures are served. Defendants do not represent that they are identifying every document, tangible thing, or witness possibly relevant to this lawsuit. Rather, Defendants' disclosures represent a good faith effort to identify information and documents they reasonably believe may be used to support their defenses and Kirby's claims, as required by Fed. R. Civ. P. 26(a)(1). Defendants reserve the right to supplement or change these disclosures as discovery progresses.

**Ex. 2**

Defendants' disclosures are made without prejudice to their right to rely on evidence subsequently discovered or to alter their initial disclosures, if necessary. Defendants reserve the right to offer into evidence documents and written testimony that are not currently included in this disclosure but which, after further discovery, may be deemed relevant in support of their defenses and Kirby's claims in this lawsuit.

### A. <u>Witnesses</u>

Pursuant to Fed. R. Civ. P. 26(a)(1)(A)(i), Defendants disclose the following list of individuals likely to have discoverable information that Defendants may use to support their defenses and Kirby's claims, unless the use would be solely for impeachment. Defendants object to *ex parte* contact by Plaintiff's counsel with the managerial and supervisory employees identified below. These individuals may only be contacted through undersigned counsel. Defendants reserve the right to supplement or change this list as discovery progresses. Although Defendants do not possess actual knowledge regarding the exact information possessed by each individual identified herein, Defendants believe in good faith that the following individuals possess information on the following subjects:

1. Plaintiff Ibrahim Sharqawi – may have knowledge of the allegations in his Complaint; the allegations in the Counterclaim; the agreements he signed with Kirby and the parties' performance under such agreements, including the Divisional Supervisor Agreement; his breach of his Divisional Supervisor Agreement; payments made by Kirby pursuant to agreements made between him and Kirby, including the Divisional Supervisor Agreement; his performance history; his involvement in the CBD business; his alleged damages, if any; and his mitigation efforts, if any.

2. Halle Sminchak – may have knowledge of the allegations in Plaintiff's Complaint; the allegations in the Counterclaim; the Divisional Supervisor Agreement signed by Plaintiff and Kirby; Plaintiff's breach of the Divisional Supervisor Agreement; and the termination of Plaintiff's Divisional Supervisor Agreement.

3. Kevin Reitmeier – may have knowledge of the Divisional Supervisor Agreement between Plaintiff and Kirby; Plaintiff's breach of the Divisional Supervisor Agreement in 2018; Plaintiff's performance under the Divisional Supervisor Agreement in 2018; the termination of Plaintiff's Divisional Supervisor Agreement; Plaintiff's involvement in the CBD industry in 2018; and his communications with Plaintiff.

4. David Lamb – may have knowledge of the Divisional Supervisor Agreement between Plaintiff and Kirby; the termination of Plaintiff's Divisional Supervisor Agreement; and his communications with Plaintiff.

5. Any witness listed by Plaintiff in his initial disclosures or his discovery responses.

6. Any witness identified in documents or disclosed by either party or any third parties during the course of discovery or depositions.

7. Any necessary expert witnesses.

Defendants reserve the right to supplement or change this list as discovery progresses.

**B.** **Documents**

Pursuant to Fed. R. Civ. P. 26(a)(1)(A)(ii), set forth below is a description by category of all documents, electronically stored information, and tangible things in Defendants' possession, custody, or control that Defendants may use to support their defenses and Kirby's claims, unless the use would be solely for impeachment:

1. The Divisional Supervisor Agreement between Plaintiff and Kirby.

2. Documents related to the parties' performance under the Divisional Supervisor Agreement between Plaintiff and Kirby.

3. Documents relating to the termination of Plaintiff's Divisional Supervisor Agreement.

4. Documents relating to Plaintiff's communications with David Lamb.

5. All pleadings in this case.

6. Documents relating to Plaintiff's alleged mitigation of damages.

7. All discovery responses in this case from either party, as well as any documents produced or procured by either party during the course of discovery.

8. Any documents, electronically stored information, and tangible items identified in Plaintiff's initial disclosures.

Non-privileged copies of any of the foregoing documents currently in Defendants' possession, custody, or control will be produced for inspection at a mutually agreeable time and place. Defendants reserve the right to supplement or change this list as discovery progresses.

### C. Damages

Pursuant to Fed. R. Civ. P. 26(a)(1)(A)(iii), regarding Plaintiff's Complaint, Defendants seeks their costs and attorneys' fees and will identify documents and information reflecting such costs and fees at the appropriate time. Regarding Kirby's Counterclaim, Kirby is still in the process of computing each category of damages due as a result of Plaintiff's unlawful conduct and will supplement its response.

### D. Insurance Agreements

Pursuant to Fed. R. Civ. P. 26(a)(1)(A)(iv), Defendants are not aware of any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.

Respectfully submitted,

*/s/ Ryan J. Morley*
Ryan J. Morley (0077452)
Morena L. Carter (0088825)
LITTLER MENDELSON, P.C.
1100 Superior Avenue, 20th Floor
Cleveland, OH  44114
Telephone: 216.696.7600
Facsimile:  216.696.2038
Email: rmorely@littler.com
         mlcarter@littler.com

Attorneys for Defendants
The Kirby Company and The Scott Fetzer Company

4

## CERTIFICATE OF SERVICE

On this 8th day of December 2020, I hereby certify that a true and correct copy of the foregoing Defendants' Initial Disclosures was served via electronic mail upon the following:

>Caryn M. Groedel
>cgroedel@groedel-law.com
>Zachary J. Lindesmith
>zlindesmith@groedel-law.com
>CARYN GROEDEL & ASSOCIATES CO., LPA
>31340 Solon Road, Suite 27
>Cleveland, OH  44139

>/s/ Ryan J. Morley
>One of the Attorneys for Defendants
>The Kirby Company and The Scott Fetzer Company

4845-6218-7472.1 056013.1160