IN THE COURT OF UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| IBRAHIM SHARQAWI | ) | CASE NO. 1:20-cv-00271-PAB |
| | ) | |
| Plaintiff, | ) | JUDGE PAMELA A. BARKER |
| | ) | |
| v. | ) | **PLAINTIFF'S MEMORANDUM** |
| | ) | **CONTRA TO DEFENDANTS'** |
| THE KIRBY COMPANY, *et. al.* | ) | **MOTION TO DISMISS AND** |
| | ) | **REQUEST FOR SANCTIONS AND A** |
| Defendants. | ) | **HEARING ON SANCTIONS** |

**I.  SUMMARY**

Plaintiff has established his breach of contract, retaliation, and malicious prosecution claims; thus, Defendants' Motion to Dismiss should be denied in its entirety.  Moreover, because Defendants made arguments and cited to cases they knew, or should have known, are inapplicable and/or outdated, they should be sanctioned.

**II.  LEGAL STANDARD FOR MOTIONS TO DISMISS**

A Rule 12(b)(6) motion to dismiss tests the sufficiency of a complaint.  *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957).  FRCP8(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief", in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests", *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (quoting *Conley*, 355 U.S. at 47).

*Twombly* did not disturb the original notice pleading principles of FRCP 8; only a short, plain statement is required to provide notice that a plaintiff may be entitled to relief on his asserted claims after adequate discovery.  *Swierkiewicz v. Sorema,* 534 U.S. 506 (2002), (noting that, while a plaintiff must provide more than "labels and conclusions," he need not provide detailed factual allegations at the initial pleading stage in Title VII action, nor indeed even plead a prima facie case).  Indeed, the Supreme Court recognizes that:

> this simplified pleading standard [or notice pleading] relies on liberal discovery rules and summary judgment motion to define disputed facts and issues and to dispose of unmeritorious claims. "The provisions for discovery are so flexible and the provisions for pretrial procedure and summary judgment so effective, that attempted surprise in federal practice is aborted very easily, synthetic issues detected, and the gravamen of the dispute brought frankly into the open for inspection of the court."

*Id.* at 513, quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1202.

Moreover, after *Twombly,* the Supreme Court cautioned that complaints should not be dismissed by adjudging that a plaintiff's claims must be "plausible", or that simple factual allegations are "conclusory."  See *Erickson v. Pardus*, 127 S. Ct. 2197, 2199 (2007) ("Specific facts are not necessary; the statement need only "'give the defendant fair notice of what… claim is and the grounds upon which it rests.'") (quoted material and citations omitted); *see, also, Phillips,* 515 F.3d at 235.

Defendants seem to be imposing some type of "heightened pleading" requirement upon Plaintiff, but no such requirement exists.[1]

### III.  LEGAL ARGUMENT

#### A.  **Plaintiff adequately states a claim for breach of contract.**

Despite the Court having *denied* Defendants' first Motion to Dismiss on Plaintiff's breach of contract claim (Doc. # 8 at 11, PAGE ID #118), Defendants are *again* asking the Court to dismiss his breach of contract claim.  (Defs' Mot. to Dismiss, Doc. # 21-1 at PageID # 259-262.)

The elements of a breach of contract claim are:  "'the existence of a contract, performance by the plaintiff, breach by the defendant, and damage or loss to the plaintiff.'"

---

[1] Plaintiff need not lay out each and every fact that will assist in proving his case, but rather, just enough facts to show there is a minimum basis for his claims.  It is understood that the facts asserted are not Plaintiff's only factual allegations; they are simply factual allegations sufficient to demonstrate that his claims may entitle him to ultimate judgment and the relief he seeks.  Obviously, discovery will yield a fuller record and more information for Plaintiff -- discovery that is now in Defendants' exclusive custody and control.

*Savedoff v. Access Grp., Inc.*, 524 F.3d 754, 762 (6th Cir. 2008) (quoting *Jarupan v. Hanna*, 173 Ohio App.3d 284, 878 N.E.2d 66, 73 (2007)).

Plaintiff's Complaint sets forth facts supporting each element of his breach of contract claim: the parties entered the DSA contract, which stated Plaintiff was an independent contractor (Am. Compl. ¶¶ 15-16, 39); Plaintiff fulfilled his obligations under the DSA (*Id.* ¶ 18); Defendants breached the DSA by exerting full control over Plaintiff's employment and treating him like an employee rather than like an independent contractor (*Id.* ¶ 40); and Plaintiff sustained damages as a result of Defendants' breach (*Id.* ¶¶ 35, 40, 42-43).

In their Motion to Dismiss ("MTD"), Defendants argue that it does not matter whether Plaintiff was an employee or an independent contractor because "Plaintiff's allegation that Defendants breached the Agreement is simply a breach of contract claim, regardless of whether or not he was properly classified as an independent contractor." (Doc. #21-1 at PAGE ID #259-260.) However, Plaintiff's breach of contract claim is *premise*d on this distinction; specifically, that Defendants identified him as an "independent contractor" in his DSA contract, and agreed in the contract to *treat* him as an independent contractor, but instead treated him as an employee by requiring him to, "inter alia, dissolve his distributorship; rent and maintain an out-of-the-home office; organize and lead rallies, meetings, and training seminars; travel from Florida to Cleveland four times per year for Divisional Supervisor meetings; visit each store he supervised at least once every three months; document his travel time; submit his calendar and travel reports to Kirby's president of North American Field Sales each month; spend specific hours working in his non-home office each day he did not travel; pay for approximately 25% to 40% of his travel and accommodation expenses; pay all costs associated with training his Sales Representatives, including training materials and conference room rental; employ an administrative assistant; pay all payroll taxes for himself and his administrative assistant; pay into the Florida unemployment and

3

worker's compensation systems; and pay for all his travel and lodging expenses when visiting the stores he supervised." (Amended Complaint ¶ 17, Doc #20-1at Page ID # 227.)

By requiring Plaintiff to do these things, and by controlling his work details and quality, for example, by requiring him to organize and lead rallies (Am. Compl. ¶¶ 17, 40); and controlling his work hours, such as requiring him to be in his office at specific times (*Id.*); and by requiring him to purchase certain materials and tools and employ an administrative assistant (*Id.*); and by dictating his schedule such as when he had to visit which of his stores (*Id.*), Defendants violated the independent contractor provision of the DSA, which specifically states:

> It is agreed: (i) that the parties hereto are separate entities, that the Company is contracting with the Divisional Supervisor as an independent contractor, and that neither is the agent nor the employee of the other for any purpose…"

(DSA at ¶ 8, Doc # 1-4 at Page ID # 23.) It also states:

> By reason of the Divisional Supervisor being an independent contractor, the Divisional Supervisor agrees that under no circumstances will he represent himself as an agent of the Company…"

(*Id.* at ¶ 9.)

Other indicia that Defendants treated Plaintiff as an employee despite labeling him, and agreeing to treat him, as an independent contractor, include requiring him to supervise between 25 and 45 stores, paying him a $250,000 annual base salary, paying him at regular monthly intervals, and requiring him to dissolve his distributorship. (*Id.* at ¶ 15.)

Plaintiff has thus properly pled his breach of contract claim, and dismissal of said claim under Fed. R. Civ. P. 12(b)(6) would be improper.

  **B.**   **Plaintiff's retaliation claim.**

Employers have found creative ways to retaliated against current and former employees who bring legal claims against them. Where there is explicit statutory authority prohibiting retaliation, as in discrimination and wage and hour laws, courts are receptive to entertaining

4

claims aimed at redressing retaliatory litigation. *Steffes v. Stepan Co.,* 144 F.3d 1070, 1075 (7th Cir. 1998) ("retaliatory acts come in infinite variety . . . and even actions taken in the course of litigation could constitute retaliation in appropriate circumstances"); *EEOC v. Virginia Carolina Veneer Corp.*, 495 F. Supp. 775, 777 (W.D. Va. 1980) (employer unlawfully retaliated against employee by bringing a civil suit in response to the employee's discrimination charge); *Urquiola v. Linen Supermarket, Inc.*, 1995 WL 266582 (M.D. Fla. 1995) (same); *EEOC v. Levi-Strauss & Co.*, 515 F. Supp. 640 (N.D. Ill. 1981) (a bad-faith suit against an employee (or former employee) is retaliation for Title VII purposes).

These developing theories are founded upon *Burlington Northern & Santa Fe Ry. Co. v. White,* 548 U.S. 53 (2006), the principal holding of which is that, to establish actionable retaliation, a plaintiff must show that a reasonable employee would have found the challenged action materially adverse, which means it well might have "dissuaded a reasonable worker from making or supporting a charge of discrimination." *Id.,* at 68.

The *Burlington* court went beyond retaliatory civil litigation and approved employee suits based on retaliatory reports to police of alleged crimes, citing with approval *Berry v. Stevinson Chevrolet*, 74 F.3d 980, 984, 986 (10th Cir. 1996) (finding actionable retaliation where employer filed false criminal charges against former employee who complained about discrimination), which resolved a long-disputed issue about redress for retaliatory initiation of proceedings aimed at using law enforcement agencies to punish complaints of discrimination; *Beckham v. Grand Affair*, 671 F. Supp. 415, 419 (W.D. N.C 1987) (causing former employee to be arrested and prosecuted is actionable retaliation; retaliation need not be job-related); *Atkinson v. Oliver T. Carr Co.*, 40 FEP Cases 1041 (D. D.C. 1986) (retaliation found for employer's threat to commence criminal prosecution if employee did not withdraw charge of discrimination).

Courts have even found retaliation where an employer *threatens* an employee with litigation. *See, e.g., Lovejoy-Wilson v. NOCO Motor Fuel,* Inc., 263 F.3d 208, 223 (2d Cir. 2001)

5

(threat of a lawsuit against employee who asserted rights under the ADA was actionable retaliation where the threat served to intimidate or threaten her in asserting her right to make complaints or file charges.).

### 1. **Plaintiff has properly pled a retaliation claim based on Defendants' counterclaim, and their arguments, which they know are baseless, are shocking and sanctionable.**

To set forth a claim for retaliation, Plaintiff must assert facts demonstrating that he engaged in protected activity, Kirby knew of his protected activity, Kirby committed a retaliatory act, and a causal connection exists between the protected activity and the retaliatory act. *Abbott v. Crown Motor Co., Inc*., 348 F.3d 537, 542 (6th Cir. 2003). Plaintiff met his burden: he asserted facts in his Amended Complaint establishing that he engaged in the protected activity of filing this lawsuit (Am. Complaint at ¶ 36); that Defendants knew of his protected activity as evidenced by their filing of a Motion to Dismiss and an Answer to his Complaint (*Id*. at ¶¶ 37-38); that Defendants committed a retaliatory act by asserting a counterclaim against him (*Id*. at ¶¶ 38, 73); that Defendants retaliated against him, at least in part, because he filed suit against them seeking to enforce his employment rights (*Id.* at ¶ 74), and they had no overriding business justification for their counterclaim (*Id*. at ¶ 75.)

Defendants' first argument -- that this retaliation claim "fails as a matter of law" because adverse employment actions "are prohibited by employment-law statutes" (Defs' Mot. at 8) -- makes no sense. It is precisely *because* the anti-retaliation provisions of employment law statutes encompass retaliatory lawsuits and counterclaims, and provide remedies for such retaliatory acts, that Plaintiff can maintain this retaliation claim against Defendants for filing a frivolous counterclaim against him.

Defendants' second argument -- that Plaintiff has not exhausted his administrative remedies on this retaliation claim (*Id.* at 8-9) -- is frivolous. *Plaintiffs are not required to return to the EEOC to exhaust their administrative remedies mid-litigation* each time a defendant-

6

employer commits a new actionable offense. There is no additional exhaustion requirement when suing an employer or former employer for post-charge retaliation[2] . That is, once a plaintiff exhausts his administrative remedies and files suit, he need not navigate through a pointless steeplechase that keeps his old claims from connecting with his new claims. *Gupta v. East Texas State University*, 654 F.2d 411, 414 (5th Cir. 1981); *Baker v. Buckeye Cellulose Corp.*, 856 F.2d 167, 168-169 (11th Cir. 1988). In fact, there is substantial precedent excusing plaintiffs who already completed administrative exhaustion from having to re-exhaust before amending a Complaint to add a claim for a new offense. See, e.g., *Delisle v. Brimfield Township Police Dept.*, 94 Fed. Appx. 247, 252-3 (6th Cir. 2004); *Jones v. Calvert Group Ltd.*, 551 F. 3d 297, 303 (4th Cir. 2009); *Thomas v. Miami Dade Pub. Health Trust,* 369 Fed. Appx. 19, 23 (11th Cir.2010). In fact, in *Delisle v. Brimfield Township Police Department*, a divided panel of the Sixth Circuit held that a Title VII plaintiff could properly assert a retaliation claim not alleged in an EEOC charge, where the underlying retaliatory conduct occurred after and as a result of the filing of an earlier retaliation charge, 94 F. App'x 247, 251-52 (6th Cir. 2004), reasoning that the post-charge retaliation alleged was "reasonably related" to the underlying charge. Id. at 254. See also *Smith v. Ky. State Univ.*, 97 F. App'x 22, 26 (6th Cir. 2004) (reaching the same holding as *Delisle*)[3].

---

[2] Nonetheless, in an effort to eliminate the time wasted briefing this issue, Plaintiff contacted the EEOC regarding filing a Charge of retaliation on Defendants' retaliatory slap-back suit, and his interview with the EEOC is scheduled for June 24 at 9:00 AM. (Ex. #1.)

[3] Defendants cite to *Wakefield v. Children's Hosp.*, 2008 "U.W. Dist. LEXIS 91835, at *21-22 (S.D. Ohio Aug. 12, 2008) (Defs' Mot. at 9), but that case is <u>inapposite</u> because it did not involve a plaintiff who added a claim to a Complaint *during* litigation for retaliation that occurred *after* filing suit; rather, it involved a plaintiff who filed suit asserting 4 claims (race discrimination, race-based harassment, retaliation, and age discrimination), but had only filed an EEOC Charge for 2 of those claims). Defendants also cite to *Lucarell v. Nationwide Mut. Ins. Co.*, 7th Dist. Mahoning No. 13 MA 74, 2015-Ohio-5286 for the proposition that a counterclaim filed almost a year after the plaintiff's employment ended cannot be deemed retaliatory, but (a) that decision was rendered on appeal after a trial on the merits, not at the trial level on a Motion to Dismiss; and (b) Although Defendants filed their counterclaim against Plaintiff Sharqawi two years after

Defendants' third argument -- that Plaintiff has not pled a cognizable retaliation claim because his contract with Kirby ended in October 2018, and thus he cannot state "any facts establishing an 'adverse *employment* action'" (Defs' Mot. at 9) (emphasis in original) -- is likewise frivolous, sanctionable, and disturbing. Their argument is, in essence, that a retaliatory lawsuit is not statutory retaliation because Plaintiff does not *currently* have an employment contract with them, and because filing suit is not an "employment action". However plausible these arguments once were, *there has been no merit to them for 23+ years*. In *Robinson v. Shell Oil Co.*, 519 U.S. 337, 345-46 (**1997**), the U.S. Supreme Court explicitly held that, for purposes of Title VII's anti-retaliation provision, "employee" encompasses current and former employees. And in *Burlington Northern & Santa Fe Ry. Co. v. White*, 548 U.S. 53 (2006), the Court held that a Title VII retaliation plaintiff need not allege or prove an ultimate adverse employment action, because "[t]he scope of the anti-retaliation provision extends beyond workplace-related or employment-related retaliatory acts and harm."

*EEOC v. Outback Steakhouse of Florida, Inc.,* 75 F. Supp. 2d 756 (N.D. Ohio 1999), was among the leading cases in the pre-*Burlington* era that explained why acts such as retaliatory lawsuits, which do not affect present or future employment, are still actionable under Title VII. Numerous courts followed suit, including in *Ward v. Wal-Mart Stores, Inc.,* 140 F.Supp.2d 1220, 1231 (D. N.M. 2001) (Wal-Mart's appeal of employee's unemployment award in retaliation for EEOC charge was actionable retaliation); *Reyes Guadalupe v. Casas Criollas*, 597 F.Supp.2d 255 (D. Puerto Rico 2008) (employer lawsuit falsely accusing former employee of misappropriation of funds held to be retaliation against employee for filing EEOC charge); *Jacques v. DiMarzio*, Inc., 216 F.Supp.2d 139 (E.D. N.Y. 2002) (court sua sponte

---

their employment relationship ended, it was just *two weeks* after this Court issued its ruling on Defendants' Motion to Dismiss in which it did not dismiss Plaintiff's Complaint in full.

8

dismissed retaliatory counterclaim and sanctioned employer under Rule 11, stating, "**The Court is deeply troubled by [the employer's] $500,000 counterclaim, which appears to be nothing more than a naked form of retaliation**…") (emphasis added); *Johnson v. Palma*, 931 F.2d 203, 207 (2d Cir. 1991) (union's withdrawal of grievance after member filed EEOC charge deemed retaliatory because action impermissibly impinged upon freedom to choose forum); *EEOC v. Bd. of Governors of State Coll. & Univ.*, 957 F.2d 424, 431 (7th Cir. 1992) (employer policy automatically halting grievance proceedings when employees filed lawsuits or administrative charges held to be retaliatory because it impermissibly interfered with employees' freedom to choose forum).

In *Darveau v. Detecton, Inc.,* 515 F.3d 334 (4th Cir. 2008), the Fourth Circuit applied the *Burlington* standard to an FLSA retaliation claim, rejecting arguments that former employees are not protected, and that retaliation must take the form of an ultimate employment action, and criticized the employer for continuing to assert these arguments long after courts rejected them and adopted more expansive definitions of "employee" and "retaliatory conduct". In admonishing the employer, the Court stated that the employer's:

> … rationale rests on outdated Title VII precedent. The Supreme Court has now clearly rejected this view. In Robinson v. Shell Oil Co., 519 U.S. 337, 345-46, 117 S.Ct. 843, 136 L.Ed.2d 808 (1997), the Court explicitly held that for purposes of Title VII's retaliation provision, "employee" encompasses former, as well as current, employees. Even more recently, in Burlington N. & Santa Fe Ry. Co. v. White, 548 U.S. 53, 126 S.Ct. 2405, 2414, 165 L.Ed.2d 345 (2006), the Court held that a Title VII retaliation plaintiff need not allege or prove an ultimate adverse employment action, because "[t]he scope of the anti-retaliation provision extends beyond workplace-related or employment-related retaliatory acts and harm." The Court ruled that Title VII's retaliation provision requires a plaintiff simply to allege and prove "that a reasonable employee would have found the challenged action materially adverse, which in this context means it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination." Id. at 2415 (citations and internal quotation marks omitted). Defendants also ask this Court to dismiss Plaintiff's counterclaim-based retaliation

claim based on their argument that filing of counterclaim two years after an employment relationship has ended does not constitute an adverse employment action. (Defs' Mot. at 9.) In

9

support of their argument, Defendants cite to *Lucarell v. Nationwide Mut. Ins*., 7th Dist. Mahoning No. 13 MA 74, 2015-Ohio-5236, ¶ 61, but as stated above, *Lucarell* dealt with a retaliation claim on appeal, after a trial on the merits -- not on a Motion to Dismiss.

Moreover, although Defendants filed their counterclaim against Plaintiff two years after terminating his employment contract, they filed it just *two weeks* after learning that this Court did not grant their Motion to Dismiss in full.  Such a short time period surely satisfies the causal connection requirement.

### C. Plaintiff requests the Court hold this claim in abeyance until after these proceedings conclude on Plaintiff's other claims.

Because the elements of the tort of malicious prosecution include: (1) the defendant maliciously instituted the prior proceedings against the plaintiff, (2) lack of probable cause for filing the prior lawsuit, (3) the prior proceedings terminated in the plaintiff's favor, and (4) the plaintiff's person or property was seized during the course of the prior proceedings.  *Crawford v. Euclid Natl. Bank*, 19 Ohio St.3d 135, 139, 483 N.E.2d 1168, 1171 (1985), Plaintiff requests the Court hold this claim in abeyance, and maintain jurisdiction over it, until the remainder of . Plaintiff's claims are decided on their merits.

### IV. PLAINTIFF'S REQUEST FOR SANCTIONS

FRCP 11 provides that an attorney makes the following representations each time he or she submits a paper to the court: (1) the paper is not being presented for an improper purpose; (2) the legal claims are warranted under existing law or pursuant to a nonfrivolous argument for the extension, modification or reversal of existing law or the establishment of new law; (3) the allegations and factual contentions have evidentiary support or will likely have evidentiary support after a reasonable opportunity for discovery; and (4) denials of factual contentions are warranted.  (FRCP 11.)

Defendants' arguments that Plaintiff cannot prevail on his counterclaim-based retaliation

10

claim because the alleged retaliatory act (filing a counterclaim) is not an "adverse *employment* action", and because Plaintiff is not a current employee (or, stated alternatively, because he does not have a current employment contract with Defendants), are both frivolous and sanctionable. Defense counsel knows, or should know, that these arguments they have asserted were abandoned/overruled 20+ years ago. Interposing such arguments where a competent attorney would/should know that they are not valid, and have not been so for 20+ years, is, simply stated, sanctionable.

Pursuant to Rule 11, a court may "impose an appropriate sanction upon the attorneys ... that have violated [Rule 11] or are responsible for the violation." Fed. R.Civ.P. 11(c)(1). "Rule 11 sanctions are warranted if the attorney's conduct was unreasonable under the circumstances." *Andretti v. Borla Performance Indus., Inc.*, 426 F.3d 824, 833 (6th Cir. 2005). "A sanction imposed under this rule must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated. The sanction may include nonmonetary directives; *an order to pay a penalty into court; or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation*." (Emphasis added.) Fed. R.Civ.P. 11(c)(4); *see also Rentz v. Dynasty Apparel Industries, Inc.,* 556 F.3d 389 (Sixth Cir. 2009).

**IV.    CONCLUSION**

WHEREFORE, Plaintiff respectfully requests this Honorable Court deny Defendants' Motion to Dismiss in its entirety, and schedule a hearing on Plaintiff's request for sanctions.

Respectfully submitted,

*/s/ Caryn M. Groedel*
Caryn M. Groedel (0060131)
*cgroedel@groedel-law.com*
CARYN GROEDEL & ASSOCIATES, CO., LPA
31340 Solon Road, Suite 27
Cleveland, OH 44139
Telephone: 440-544-1122
Facsimile: 440-996-0064
One of Plaintiff's Attorneys

## **CERTIFICATE OF SERVICE**

    The undersigned hereby certifies that a copy of the foregoing was filed electronically this 2nd day of June, 2020. Notice of this filing will be sent to all parties by the Court's electronic filing system. Parties may access this filing through the Court's system.

*/s/ Caryn M. Groedel*
Caryn M. Groedel

12