UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| IBRAHIM SHARQAWI, | ) | CASE NO. 1:20cv00271 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE BRIDGET M. BRENNAN |
| v. | ) | |
| | ) | |
| THE KIRBY CO., *et al.*, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | |

This matter comes before the Court upon the Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) filed by Defendants The Kirby Company and The Scott Fetzer Company on September 28, 2021. (Doc. No. 42.) Plaintiff Ibrahim Sharqawi filed a Memorandum Contra to Defendants' Motion to Dismiss on October 21, 2021. (Doc. No. 44.) Defendants' Reply in Support of their Motion to Dismiss was filed on October 25, 2021. (Doc. No. 45.)

For the following reasons, Defendants' Motion to Dismiss Count Five (Retaliatory Counterclaim) is GRANTED.

I.  **Background**

  A.  **Procedural History**

The initial Complaint in this matter was filed on February 6, 2020. (Doc. No. 1.) After timely submissions relative to Defendants' first Motion to Dismiss, the Court granted the motion in part and denied it in part. (Doc. No. 8.) The Court dismissed Plaintiff's violation of public policy – retaining legal counsel claim, national origin discrimination claim, and his Ohio and Florida retaliation claims. (*Id*. at PageID# 135.) Remaining were Plaintiff's breach of contract,

unjust enrichment, and Title VII retaliation claim relative to Defendants' termination of a Divisional Supervisor Agreement. (*Id*.)

On November 11, 2020, Defendants filed a counterclaim for breach of contract (*i.e.*, the Divisional Supervisor Agreement) against Plaintiff. (Doc. No. 12.) On December 1, 2020, Plaintiff filed an answer to Defendants' counterclaim wherein he asserted multiple affirmative defenses, including that the counterclaim was retaliatory. (Doc. No. 17, PageID# 203.)

On April 8, 2021, Plaintiff filed a motion for leave to amend his Complaint to assert six claims: (1) breach of contract; (2) unjust enrichment, (3) national origin discrimination – Title VII; (4) retaliation for reporting discriminatory conduct; (5) retaliation based on Defendants' retaliatory counterclaim; and (6) malicious prosecution. (Doc. No. 20-1.) Defendants did not oppose the motion. On April 26, 2021, the Court granted Plaintiff's motion via a non-document order. Defendants filed a second motion to dismiss, which was opposed by Plaintiff. (Doc. Nos. 21, 26, and 34.)[1] On September 7, 2021, the Court issued its Opinion and Order granting in part and denying in part Defendants' second motion to dismiss. (Doc. No. 38.) Notably, the Court granted Defendants' motion to dismiss Count 5 (retaliation for filing a counterclaim) with the instruction that Plaintiff had "seven days from the date of [the] Memorandum Opinion and Order to amend his Complaint *with respect to Count 5 only*, to indicate whether he brings Count Five under Title VII." (*Id*. at PageID# 474, emphasis in original.)

Plaintiff timely submitted his Second Amended Complaint (the "Complaint") with Count Five amended to reflect that the claim is brought under Title VII. (Doc. No. 39, PageID# 11-12.) On September 28, 2021, Defendants moved to dismiss Count Five for failure to state a claim. Plaintiff filed his opposition on October 11, 2021, with Defendants' submitting a reply on

---

[1] Plaintiff's opposition to Defendants' second motion to dismiss also included a request for a sanctions hearing, which was denied. (Doc. No. 38, PageID# 472-74.)

October 25, 2021.

### B. Factual Background

The Complaint contains the following pertinent allegations. Plaintiff is a Florida resident of Middle Eastern descent. (Doc. No. 39 at ¶ 2.) He began working for Defendants in 1991 as a sales representative of Kirby vacuum cleaners. (*Id*. at ¶ 12). In 2003, Defendants authorized Plaintiff to open his own Kirby distributorship selling products purchased from Scott Fetzer's Factory Distributors. (*Id*. at ¶ 13.) Defendants promoted Plaintiff in 2005 and again in 2010. (*Id*. at ¶¶ 14-15.) The 2010 position, however, required the dissolution of Plaintiff's distributorship and the execution of a Divisional Supervisory Agreement ("DSA") with Defendants. (*Id*. at ¶ 15.) The DSA identified Plaintiff as an independent contractor, although Plaintiff alleges that, in practice, he was an employee due to the amount of control Defendants exerted over Plaintiff's employment. (*Id*. at ¶¶ 16-17.)

From 2005, when Plaintiff was first promoted, until 2017, Plaintiff reported to the then-president of North American Field Sales, working under his supervision without incident. (*Id*. at ¶ 18.) In January 2018, this supervisor retired, and Defendants hired Kevin Reitman to assume that position, which included supervising Plaintiff. (*Id*. at ¶ 19.) Almost immediately, Plaintiff alleges that Reitman began harassing Plaintiff and treating him differently than non-Middle Eastern divisional supervisors. (*Id*. at ¶¶ 20-21.) After learning that Plaintiff's daughter opened a business, Plaintiff alleges that the harassing behavior increased, and involved interrogations aimed at determining whether his involvement with that business violated the DSA's "best efforts" provision. (*Id*. at ¶¶ 22-24.) On June 29, 2018, Plaintiff informed David Lamb, Scott Fetzer's Vice President and General Counsel, that Reitman was treating him worse than other divisional supervisors and, in fact, harassing him based on his national origin. (*Id*. at ¶¶ 24-25.)

Almost immediately thereafter, Reitman's harassment increased. (*Id*. at ¶¶ 26-29.) On July 12, 2018, Plaintiff reported his concerns to Lamb, with neither Lamb nor anyone else from the Defendant businesses taking action. (*Id*. at ¶ 30.)

On September 4, 2018, Reitman asked Plaintiff for his resignation. (*Id*. at ¶ 33.) On September 27, 2018, Plaintiff's counsel sent Lamb a letter setting out what she perceived to be Defendants' various violations of the law. (*Id*. at ¶ 34.) Three weeks later, Lamb terminated Plaintiff's employment. (*Id*. at ¶ 35.)

On February 6, 2020, Plaintiff filed his Complaint in this case. (*Id*. at ¶ 36.)

On April 1, 2020, Defendants filed a Motion to Dismiss Plaintiff's Complaint, which Plaintiff opposed, and which the Court granted in part and denied in part. (*Id*. at ¶ 37.)

Two weeks later, Defendants filed their Answer to Plaintiff's Complaint and asserted a breach of contract counterclaim against Plaintiff. (*Id*. at ¶ 38.)

Specific to the realleged Count Five at issue here, Plaintiff incorporated all previously stated allegations and then, under the heading **COUNT FIVE (Retaliation – Retaliatory Counterclaim Under Title VII)**, alleged the legal bases for asserting a claim against an employer, and specifically invoked Title VII of the Civil Rights Act of 1964. (*Id*. at ¶¶ 72-73, emphasis in original.) Title VII provides, in part, that an employer violates the act if it takes an adverse employment action against an employee because the employee took advantage of a protected right. (*Id*. at ¶ 73.) Plaintiff met his administrative prerequisites, including the receipt of a Right to Sue letter from the Equal Employment Opportunity Commission ("EEOC"). (*Id*. at ¶ 74.) Plaintiff alleged further that "Defendants retaliated against Plaintiff, at least in part, because he filed suit seeking to enforce his employment rights." (*Id*. at ¶ 75.) Plaintiff also alleged that "Defendants lacked an overriding business justification for filing a counterclaim

against Plaintiff after terminating his employment." (*Id*. at ¶ 76.) Plaintiff then alleged a causal connection between Defendants' conduct and "outrageous and conscious disregard for Plaintiff's rights" and the damages Plaintiff has suffered. (*Id*. at ¶¶77-78).

Defendants now seeks dismissal only of Count Five. (Doc. No. 42-1.) Specifically, Defendants contend that Plaintiff's retaliation claim fails as a matter of law because he did not allege that the counterclaim was brought in "bad faith or was otherwise baseless." (42-1, PageID# 500-01, citing *Carr v. Transcanada USA Servs.*, Case No. 3:14-cv-01084, 2014 U.S. Dist. LEXIS 170112, at *5-7 (M.D. Tenn. Dec. 8, 2014) and *Morrissey v. CCS Servs., PLLC*, Case No. 19-cv-13027, 2020 U.S. Dist. LEXIS 182949, at *15 (E.D. Mich. Oct. 2, 2020)). Additionally, Defendants claim that the compulsory nature of the counterclaim mandated pursuing it now or waiving it in perpetuity.

In his response, Plaintiff does not dispute that bad faith allegations are necessary to properly state a retaliation claim premised on the filing of a counterclaim. Instead, plaintiff argues that the Complaint contains factual allegations that sufficiently set forth Defendants' bad faith in pursuing a baseless counterclaim, including the allegation that "Defendants retaliated against Plaintiff." (Doc. No. 44, PageID# 532.) Similarly, Plaintiff does not dispute the compulsory nature of Defendants' counterclaim but asserts that even compulsory counterclaims can be retaliatory for purposes of seeking redress under Title VII.

**II.     Legal Standard**

When addressing a motion to dismiss brought under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must construe the complaint in the light most favorable to the plaintiff and accept all well-pleaded material allegations in the complaint as true. *United States ex rel. Ibanez v. Bristol-Myers Squibb Co.*, 874 F.3d 905, 914 (6th Cir. 2017) (setting forth the standard

of review for a motion to dismiss); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  The sufficiency of the complaint is tested against the notice pleading requirement that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]"  Fed. R. Civ. P. 8(a)(2).  Although this standard is a liberal one, a complaint must still provide the defendant with "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true," to state a plausible claim.  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Facial plausibility means that the complaint contains "factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).  Such plausibility "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully.'"  *Id.*  "'[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'"  *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).  In such a case, the plaintiff has not "nudged [his] claims across the line from conceivable to plausible, [and the] complaint must be dismissed."  *Twombly*, 550 U.S. at 570; *see Iqbal*, 556 U.S. at 678.

A complaint need not set down in detail all the particulars of a plaintiff's claim.  However, "Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions."  *Iqbal*, 556 U.S. at 678 (This standard requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation.").  "Bare assertions," basic recitations of the elements of the cause of action, or "conclusory" allegations are not entitled to the assumption of truth and, without more, do not satisfy the Rule 8 notice standard.  *Id.*

"Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citing *Twombly*, 550 U.S. at 555).

**III.  Analysis**

   **A.  Sufficiency of the Charging Language**

The scope of Title VII's anti-retaliation provision extends "beyond workplace-related or employment-related acts and harm." *Burlington Northern & Santa Fe Railway Co. v. White*, 548 U.S. 53, 68 (2006).  To allege an adverse action in a Title VII claim, "a plaintiff must show that a reasonable employee would have found the challenged action materially adverse, which in this context means it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination." *Id*. at 68.  Whether an action is "materially adverse" is subjected to an objective test. *Id*.

Counterclaims may form the basis for a Title VII retaliation claim.  In this circuit, however, those retaliatory counterclaims that have survived a motion to dismiss in this context have been found to include sufficient factual allegations that the counterclaim was brought in bad faith or without any basis in law or fact. *Morrissey v. CCS Servs., PLLC,* Case No. 19CV13027, 2020 U.S. Dist. LEXIS 182949 (E.D. Mich. 2020); *Nasrallah v. Lakefront Lines, Inc*., Case No. 1:17CV69, 2017 U.S. Dist. LEXIS 80500 (N.D. Ohio 2017); *Carr v. Transcanada USA Servs.*, Case No. 3:14CV1084, 2014 U.S. Dist. LEXIS 170112 (M.D. Tenn. 2017); *see also Gliatta v. Tectum, Inc*., 211 F. Supp. 2d 992, 1009 (S.D. Ohio 2002) (concluding that, under Title VII, an "adverse action requirement for a retaliation claim encompasses an allegedly bad faith counterclaim brought by the employer against a former employee").

In *Carr*, the defendant terminated the plaintiffs' employment while also extending them severance and release agreements, which they accepted.  2014 U.S. Dist. LEXIS 170112, at *1-2.

Part of the agreement stated that plaintiffs released defendants from and waived their right to pursue all claims, including Age Discrimination in Employment Act ("ADEA") claims. *Id*. at *2. Plaintiffs filed charges with the EEOC and later initiated lawsuits against the defendant. *Id*. Defendant asserted counterclaims arising out of the waivers in the severance and release agreements. *Id*. Plaintiffs then pursued a claim that the counterclaim constituted a separate cause of action. *Id*. at *2-3. Defendants moved to dismiss. The court recognized that counterclaims could be retaliatory, but that they must be brought in bad faith to survive a motion to dismiss. *Id*. at *6. The court noted that courts in this circuit have "limited decisions concluding that employer counterclaims in discrimination suits may be retaliatory to [those] counterclaims brought in bad faith." *Id*. In reviewing the complaint, the court concluded that no factual allegations meeting this standard were asserted and defendant's motion to dismiss was granted. *Id*. at *7.

In *Nasrallah*, the court found that plaintiff's retaliation counterclaim survived a motion to dismiss because factual allegations in the complaint that made the bad faith counterclaim plausible. 2017 U.S. Dist. LEXIS 80500, at *22. Specifically, the amended complaint alleged that defendant sent threatening letters stating that defendants would pursue legal action and seek attorneys' fees if she did not drop her lawsuit. *Id*. In addition, the complaint alleged that defendant pursued its counterclaim even after being informed that the counterclaims was wholly unsupported by case law. *Id*.

Similarly, in *Morrissey*, the plaintiff's cause of action for a retaliatory counterclaim was dismissed because stating that a counterclaim was retaliatory is insufficient to assert that it was brought in bad faith. 2020 U.S. Dist. LEXIS 182949, at *15. The parties disputed whether the counterclaim was sufficiently pleaded as an "adverse action." *Id*. at *7. Because there was no

allegation that defendant's counterclaim was baseless or brought in bad faith, defendants argued that the adverse action standard was not sufficiently alleged in the amended complaint.  *Id*.  In response, plaintiff asserted that simply pleading a retaliatory motive satisfied the objective adverse action standard.  *Id*.  After noting that "no court in the Sixth Circuit has recognized a counterclaim to be retaliatory with only an allegation that the motivating factor was retaliation," the court dismissed the amended complaint.  *Id*. at *15.

This Court must evaluate whether the Complaint contains factual allegations – not just bare assertions, conclusory statements, or recitations of the elements – that plausibly – not possibly – suggest entitlement to relief.  Here, the Complaint alleges that Defendants retaliated against Plaintiff.  As recognized in *Morrissey*, this statement is not sufficient to properly allege that the counterclaim was baseless or pursued in bad faith.

The Complaint also alleges that the Defendants "lacked an overriding business justification for filing a counterclaim."  But asserting the absence of an overriding business justification does not amount to an allegation that the counterclaim is baseless or brought in bad faith.  Black's Law Dictionary defines bad faith as "[d]ishonesty of belief, purpose, or motive." *Bad faith*, Black's Law Dictionary (11th ed. 2019).  And it defines baseless as "[h]aving no basis in fact or sound reason; without any foundation or support; groundless."  *Baseless*, Black's Law Dictionary (11th ed. 2019).  Alleging that the Defendants lacked an overriding business justification does not amount to an allegation that pursuing the counterclaim was "dishonest" or "groundless," nor is it the type of factual allegation from which the Court could draw an inference of bad faith or baselessness.

Plaintiff also argues that the allegations contained in paragraphs 38 and 73 assert a "baseless" counterclaim, but they do not.  Paragraph 38 alleges that Defendants "asserted a

breach of contract counterclaim against Plaintiff," and Paragraph 73 alleges generally that employers who take adverse employment actions against an employee violate Title VII of the Civil Rights Act of 1964.

The strongest allegation from which the Court could draw an inference of bad faith relates to the timing of the counterclaim.  This issue was also addressed in *Morrissey*.  *See* 2020 U.S. Dist. LEXIS 182949, at *12, 14-15 (alleging only retaliation, without also alleging bad faith, is insufficient even where the defendant's claim could have been brought before plaintiff's complaint was filed).  Plaintiff asserts that Defendants' failure to assert a breach of contract claim until after he initiated this suit is a fact from which the court can infer bad faith.  While this is a notable point, the Court is evaluating whether Count Five contains "factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).[2]  Plaintiff's factual assertion about timing is not enough to move the needle here.  While the timing of the filing may be suspect, it does not support an inference that the counterclaim was baseless or pursued in bad faith.  *See Morrissey*, 2020 U.S. Dist. LEXIS 182949, at *12, 14-15 (alleging only retaliation, without also alleging bad faith, is insufficient to state a claim even where the defendant's claim could have been brought before plaintiff's complaint was filed).

### B. The Compulsory Nature of the Counterclaim

Alternatively, Defendants assert that the counterclaim was compulsory pursuant to Rule 13(a) of the Federal Rules of Civil Procedure, and compulsory counterclaims cannot be the basis

---

[2] Plaintiff also argues that the procedural history of this case, namely that Defendants have moved three separate times to dismiss some or all of Plaintiff's causes of action, is further evidence of bad faith.  The Court dismissed some causes of action pursuant to Rule 12(b)(6), and this motion to dismiss came about because the Court afforded Plaintiff the opportunity to identify statutory support for Count Five.  Availing oneself of the relief provided by Rule 12(b)(6) is not, without more, evidence of bad faith, nor is it a factual allegation subject to this Court's review of whether Plaintiff has properly alleged a retaliatory counterclaim in his Complaint.

for a claim of retaliation. While Defendants' assertion is perhaps too broad of a statement, Plaintiff does not dispute that the counterclaim at issue here is compulsory. Instead, Plaintiff asserts that compulsory counterclaims can be retaliatory and supports this assertion by citing to *Torres v. Gristede's Operating Corp.*, 628 F. Supp. 2d 447, 474 (S.D.N.Y. 2008). But after reviewing that court's holding, the *Torres* court determined that the counterclaims at issue were *permissive,* not compulsory. *Id*. at 467, 473 ("Here, however, the Court has already held that [defendant's] counterclaims are permissive, not compulsory," and "completely baseless.").[3]

No court in this circuit appears to have foreclosed the possibility that compulsory counterclaims may be retaliatory, but there must still be some factual allegation that the compulsory counterclaim was baseless or pursued in bad faith. *See Morrissey*, 2020 U.S. Dist. LEXIS 182949, at *14-15 (recognizing the "compulsory nature of the counterclaims to both the objective employee standard and the role of an employer in a Title VII claim," and noting further that only a claim of retaliation, absent any allegation of bad faith or baselessness, would not suffice for purposes of a Rule 12(b)(6) challenge). As explained above, the Complaint does not include factual assertions sufficient to allege that the counterclaim is baseless or was initiated in bad faith.

---

[3] The court in *Torres* also evaluated whether to grant summary judgment to plaintiffs as opposed to determining whether the plaintiffs' cause of action could survive a Rule 12(b)(6) motion.

## IV. Conclusion

For the foregoing reasons, Defendants' Motion to Dismiss Count Five (Retaliatory Counterclaim) is GRANTED.

**IT IS SO ORDERED.**

Date: April 26, 2022

BRIDGET M. BRENNAN
U.S. DISTRICT JUDGE