UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| IBRAHIM SHARQAWI, | ) | CASE NO.  1:20-cv-0271 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE BRIDGET M. BRENNAN |
| v. | ) | |
| | ) | |
| KIRBY COMPANY, *et al.*, | ) | **ORDER** |
| | ) | |
| Defendants. | ) | |
| | ) | |

Before this Court is Plaintiff's "Motion for leave *to file 12 Days out of Time Instanter*, Motion for summary judgment."  (Doc. No. 63.)  For the reasons that follow, this Court DENIES Plaintiff's motion seeking what is actually an 18-day extension of the dispositive motion deadline.

A court may extend deadlines upon a showing of good cause.  Fed. R. Civ. P. 6(b)(1). But when, like here, the deadline for which the extension is requested has expired, the moving party must establish that their failure to timely act was because of excusable neglect.  Fed. R. Civ. P. 6(b)(1)(B).  The determination of what amounts to excusable neglect is discretionary and "at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission."  *Pioneer Inv. Servs. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993).  Of relevance are: "(1) the danger of prejudice to the nonmoving party, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, (4) whether the delay was within the reasonable control of the moving party, and (5) whether the late-filing party

acted in good faith." *Mann v. Mohr*, 802 F. App'x 871, 878 (6th Cir. 2020) (quotation marks omitted); *see also Pioneer Invs. Servs.*, 507 U.S. at 395.

The Court finds that Plaintiff has not met his burden of showing his counsel's failure to timely file the summary judgment motion was a result of excusable neglect for the following reasons.

In arguing her delay was excusable and providing reasons for why this request is 18 days past the deadline to file, Plaintiff's counsel asserts that <u>her paralegal</u> was (a) sick with COVID from June 10-20, 2022, (b) had computer issues from June 21-23, 2022, and (c) was out of the office to visit her parents from July 1-5, 2022. (Doc. No. 63 at PageID 1283.) None of these reasons excuse <u>Plaintiff's counsel</u> – as the counsel of record – from timely drafting and filing a summary judgment motion. *Joseph v. Korn*, No. 19CV7147EKSMG, 2020 WL 13250482, at *2 (E.D.N.Y. Nov. 18, 2020) ("Meeting deadlines imposed by Federal and Local Rules is the responsibility of counsel, not paraprofessionals."); *In Re Sandoval*, No. 08-CV-01474-WYD, 2009 WL 2372849, at *4 (D. Colo. July 30, 2009) (collecting cases standing for the proposition that counsel cannot blame their inability to meet deadlines on their non-lawyer staff). Even so, the only time that the paralegal was away before the June 17, 2022 dispositive motion deadline was the paralegal's bout with COVID from June 10-20, 2022. (Doc. No. 59 at PageID 854.) With her paralegal away, Plaintiff's counsel, at the very least, could have submitted a motion for leave asking for an extension before the dispositive motion deadline had passed. She did not.[1]

---

[1] Plaintiff's Counsel did submit a request for a telephone conference (Doc. No. 60) on June 16, 2022, complaining that she "misunderstood" previous orders and wanted to take the deposition of another witness – months after the time for discovery had passed – and a Notice of Compliance (Doc. No. 62) on June 22, 2022. The filings contradict counsel's suggestion that her ability to represent her client was excusably hindered by her paralegal's illness or connectivity issues.

Given his counsel's repeated failure to take this Court's Orders seriously, the assertion that these reasons amount to excusable neglect, were beyond her control, or that she is filing this motion in good faith are not well-taken. Plaintiff's counsel notes in the motion that "[t]his case has been pending for nearly 2 ½ years." (Doc. No. 63 at PageID 1284.) As this Court established in detail in its June 15, 2022 Order, delays in this case are in no small part due to Plaintiff's counsel's own failure to respect this Court's deadlines – particularly the discovery deadlines. (Doc. No. 59 at PageID 852-53.) Had this been Plaintiff's counsel's first or second time asking for an extension and/or submitting something late, counsel's arguments may not be so troubling. *See Evans v. Liberty Ins. Corp.*, 702 F. App'x 297, 300 (6th Cir. 2017) ("[Plaintiff] argues that she missed the discovery deadlines due to her counsel's unexpected illness and not because she or her counsel acted in bad faith. The district court concluded that [Plaintiff]'s counsel recklessly disregarded the effect of their conduct on the litigation. We find no clear factual error or abuse of discretion."); *S. Wabash Commc'ns, Ltd. v. Union Cnty. Broadcasting Co.*, 69 F. App'x 285, 290-91 (6th Cir. 2003) (affirming a finding of bad faith where party repeatedly failed to comply with discovery order). But they are. Counsel does not suggest that she was unable to comply with the Court's Order. Instead, she pins the failure to file on her paralegal – despite record evidence that counsel was able to file other documents in this case during the time period counsel claims she was somehow unable to file a dispositive motion. And she tries to suggest that the motion for leave to file is only 12 days past the deadline when, under the Federal Rules of Civil Procedure, it is 18 days past the deadline. Fed R. Civ. P. 6(a)(1)(B) ("[To] comput[e] any time period specified . . . in any . . . court order . . . count every day, including intermediate Saturdays, Sundays, and legal holidays . . .").

      For the foregoing reasons, Plaintiff's motion is DENIED.

**IT IS SO ORDERED.**

Date: July 6, 2022

_____
BRIDGET M. BRENNAN
UNITED STATES DISTRICT JUDGE