**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **IBRAHIM SHARQAWI,** | ) | 1:20-cv-00271-BMB |
| | ) | |
| Plaintiff, | ) | JUDGE BRIDGET MEEHAN |
| | ) | BRENNAN |
| v. | ) | |
| | ) | **PLAINTIFF'S SUR-REPLY TO** |
| **THE KIRBY COMPANY, et al.,** | ) | **DEFENDANTS' REPLY IN** |
| | ) | **SUPPORT OF THEIR OBJECTION** |
| Defendants | ) | **AND MOTION TO STRIKE (DOC.** |
| | ) | **NO. 67); AND (2) BRIEF IN** |
| | ) | **SUPPORT OF PLAINTIFF'S** |
| | ) | **MOTIONS FOR LEAVE TO FILE** |
| | ) | ***INSTANTER* A REVISED** |
| | ) | **OPPOSITION BRIEF (DOC. NOS. 68** |
| | ) | **AND 69)** |

For the reasons set forth herein, Plaintiff opposes Defendants' Reply Brief in Support of their Objection and Motion to Strike (doc. No. 67); and (2) Brief in Opposition to Plaintiff's Motions for Leave to File *Instanter* a Revised Opposition Brief (doc. Nos. 68 and 69).

**I.  INTRODUCTION**

It first must be noted that Plaintiff's original Opposition to Defendants' Motion for Summary judgment was timely filed on July 15, 2022—the day that it was due. Defendants continue to try to preclude Plaintiff from curing the defects in his Opposition rather than let the Court consider the Motion for Summary Judgment Opposition on its merits.

Defendants argue that Plaintiff's Motions for Leave are vexatious, claiming that Plaintiff "once again ignores the Court's orders" (Doc. No. 70-1), and that "Plaintiff cannot demonstrate that his failure to timely submit evidence opposing Defendants' Motion for Summary Judgment,

or to adhere to Local Rule 7.1(f), resulted from excusable neglect under Federal Rule of Civil Procedure 6(b)(1)(B)." (Doc. No. 70-1)

Plaintiff has already demonstrated that his failure to timely submit evidence and failure to adhere to Local Rule 7.1(f): because his counsel temporarily relocated her office on May 13, 2022, and is currently in the midst of permanently relocating her office to two different locations (one in Cleveland and one out of state), and has been consumed with the moves (which will be consummated at the end of this month), and as a result, she inadvertently filed the original Opposition Brief under the Ohio Rules of Civil Procedure, rather than the Federal Rules of Civil Procedure, is the result of excusable neglect under FRCP 6(b)(1)(B), and there is no danger of prejudice to Defendants, the length of the delay was short -- less than 24 hours, the reason for the delay was legitimate, the delay was not within the reasonable control of Plaintiff, and Plaintiff acted in good faith when filing late.

Plaintiff requests the Court consider Plaintiff's Brief in Opposition to Defendants' Objections and Motion to Strike as it was filed on August 13, 2022—just *one* day after the deadline.

Lastly, this Court should consider the last 10 pages of Plaintiff's Brief in Opposition to Defendants' Motion for Summary Judgment because Plaintiff made no new arguments in the Brief; all arguments were fully flushed out in Plaintiff's Opposition to Defendants' **FOUR (4) Motions to Dismiss.**

Defendants continue to use bad faith litigation tactics in this case by: (1) filing frivolous motions; (2) filing 4 Motions to Dismiss; (3) claiming they wanted to extend discovery and then mediate the case, and then making a bad faith settlement offer in mediation; ng a bad faith settlement offer; but then offering a pittance of a settlement offer; filing motion after motion –

2

numerous make this case it impossible for plaintiff to cure the defects in his Opposition to Defendants' Motion for Summary Judgment despite there being no bad faith excuses for these mistakes.

**II.     LAW AND ARGUMENT**

    A.    <u>**Plaintiff demonstrated his failure to timely submit evidence and adhere to Local Rule 7.1(f) were due to excusable neglect.**</u>

FRCP 6(b) allows the Court to extend the time for taking any action under the Federal Rules of Civil Procedure (with certain exceptions not applicable here), even if the motion for such an extension is filed after the response period has expired, so long as the failure to file timely is the product of excusable neglect. The Rule states:

> Extending Time.
>
> (1) *In General.* When an act may or must be done within a specified time, the court may, for good cause, extend the time:
>
> > (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or
> >
> > (B) on motion made after the time has expired if the party failed to act because of excusable neglect.

*Nafziger v. McDermott Intern., Inc.*, 467 F.3d 514, 522 (6th Cir. 2006).

The legal standard for excusable-neglect determinations is a balancing of five principal factors:

> (1) the danger of prejudice to the nonmoving party, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, (4) whether the delay was within the reasonable control of the moving party, and (5) whether the late-filing party acted in good faith.

*Nafziger v. McDermott Intern., Inc.*, 467 F.3d 514, 522 (6th Cir. 2006).

As Plaintiff has previously explained, there was "excusable neglect" for his late filing due to the fact that his counsel temporarily relocated her office on May 13, 2022, and is currently in

3

the midst of permanently relocating her office to two different locations (one in Cleveland and one out of state), and has been consumed with the moves (which will be consummated at the end of this month), and as a result, inadvertently filed the original Opposition Brief under the Ohio Rules of Civil Procedure, rather than the Federal Rules of Civil Procedure.

Defendants additionally claim that Plaintiff failed to adhere to Rule 7.1(f) regarding the page limit for dispositive motions. As previously stated, on Plaintiff's counsel's computer, the Memorandum came to 21 pages, but when Plaintiff's counsel's paralegal placed the Memorandum in PDF format to file it electronically through the Court's electronic filing system, it appeared as 24 pages long.

Prior to revising the Brief by eliminating facts and case law, the original 24-page memorandum (25 pages with conclusion) *was* timely filed on August 13, 2022, and thus, the revised Brief should be considered by the Court.

B. **Plaintiff's Opposition to Defendants' Motion to Strike was just one day out of time.**

Defendants argue that Plaintiff's Opposition to Defendants' Objections and Motion to Strike is untimely, as Plaintiff filed and served it on August 13, 2022—one day after his deadline to do so, and therefore the brief should not be considered. However, Plaintiff already explained to the Court the factors that contributed to the delay in his counsel's filing. This short delay cannot be considered prejudicial to Defendants; it was minimal – less than 24 hours.

C. **The Court should consider all portions of Plaintiff's proposed revised Brief.**

Defendants ask the Court to disregard the last 10 pages of his MSJ Opposition, frivolously arguing that portions of it constitute improper sur-reply argument. But as stated above, Plaintiff made no new arguments; all arguments have been hashed and re-hashed over and

4

over again in the various motions Defendants filed, to which Plaintiff's counsel has devoted dozens of hours responding.

> **D.** **Plaintiff's "Expenditures Summary" does not constitute inadmissible hearsay.**

Defendants argue that Plaintiff's "Expenditures Summary" constitutes inadmissible hearsay because Plaintiff did not submit a verification or affidavit *from Mr. Stanley* attesting to Exhibit 4's authenticity or adopting the statement as Mr. Stanley's own.

Federal Rule Evidence 801(c) provides that hearsay is a statement, other than one made by the declarant while testifying at the trial, offered in evidence to prove the truth of the matter asserted. Hearsay is inadmissible unless it falls into one of the established exceptions to the hearsay rule. Fed. R. Evid. 802. Plaintiff already filed a Declaration attesting to the authenticity of all documents attached to his MSJ Opposition Brief.

Defendants' continued efforts to deny Plaintiff the opportunity to have the Court consider this case on its merits is distasteful at best, bad faith and unnecessarily litigious at worst.

## III. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests the Court:

1. Grant his Motion for Leave to File *Instanter* Revised Opposition Brief (Doc. No. 68) and his Motion for Leave to File a 24-Page Memorandum in Opposition to Defendants' Motion for Summary Judgment After the Fact (Doc. No. 69);

2. Consider all exhibits filed in support of his original Opposition to Defendants' Motion for Summary Judgment (Doc. 65 Nos. 65-1–65-13);

3. Consider pages 21 through 31 of Plaintiff's original Memorandum in Support of his original Opposition to Defendants' Motion for Summary Judgment (Doc. No. 65, PageID Nos. 1401–1411), or, in the alternative, consider all arguments in Plaintiff's Revised Brief in Opposition to   Defendants' Motion for Summary Judgment (Doc. No. 68, Page ID Nos. 1547–1574), as none was raised for the first time; and

5

4. Consider Plaintiff's Exhibit 4—i.e., his "expenditures summary" (Doc. No. 68-4)—because that document is not inadmissible hearsay.

Respectfully submitted,

*/s/ Caryn M. Groedel*
Caryn M. Groedel (Ohio 0060121)
CARYN GROEDEL & ASSOCIATES CO., LPA
31000 Woodall Drive
Cleveland, OH  44139
P:  (440) 230-3808
F:  (440) 664-2478
cgroedel@groedel-law.com

Counsel for Plaintiff

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULES

Pursuant to Local Rule 7.1(f), the undersigned hereby certifies that this case has been assigned to the standard track and that *Plaintiff's Opposition to Defendants Kirby Company ("Kirby") and Scott Fetzer's reply Brief in Support of their Objection and Motion to Strike (doc. No. 67); and (2) Brief in Opposition to Plaintiff's Motions for Leave to File Instanter a Revised Opposition Brief (doc. Nos. 68 and 69)* adheres to the page limitations set forth in Local Rule 7.1(f).

## CERTIFICATE OF SERVICE

I hereby certify that, on this 25th day of August, 2022, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by the Court's electronic filing system. Parties may access this filing through the Court's system.

*/s/ Caryn M. Groedel*
Caryn M. Groedel
