**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **IBRAHIM SHARQAWI,** | **:** | |
| | **:** | |
| Plaintiff, | **:** | 1:20-cv-00271-BMB |
| | **:** | |
| v. | **:** | Judge Bridget Meehan Brennan |
| | **:** | |
| **THE KIRBY COMPANY, et al.,** | **:** | |
| | **:** | |
| Defendants. | **:** | |

**DEFENDANTS' MOTION FOR SANCTIONS AGAINST PLAINTIFF AND HIS LEAD**
**COUNSEL PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 16(f) AND 37(b)**

## I.  INTRODUCTION

Regrettably, as this Court is well aware, the failure of Plaintiff and his lead counsel, Caryn Groedel (hereinafter, "lead counsel"), to appear for the October 24, 2022 hearing is part and parcel of a longer string of vexatious litigation conduct by them aimed at undermining The Kirby Company's and The Scott Fetzer Company's (collectively, "Defendants") ability to defend against Plaintiff's claims and prosecute their own claim.  Their inappropriate conduct includes, but is not limited to: (1) failing to provide Defendants documents before Plaintiff's deposition; (2) providing Defendants documents never produced by Plaintiff during Plaintiff's deposition; (3) using documents never produced to Defendants as Exhibits at David Lamb's deposition; (4) ignoring this Court's Orders, Local Rules, filing requirements, and established deadlines—all to the prejudice, cost, and detriment of Defendants; and (5) having the audacity to blame Defendants, Defendants' counsel, and even the paralegal/assistant of lead counsel for the failures of lead counsel.  Thus, Defendants respectfully move the Court for sanctions against Plaintiff and his lead counsel pursuant to Federal Rules of Civil Procedure 16(f) and 37(b).  Specifically, Defendants respectfully request the Court issue:

1. An order requiring Plaintiff and his lead counsel to pay Defendants' reasonable expenses, including attorney's fees, incurred because of their: (a) failure to attend the October 24, 2022 hearing; and (b) filing of the untimely and unnecessary Motions for Leave *Instanter* (i.e., Doc Nos. 68 and 69).  This order should specifically include any attorney's fees

incurred because of Defendants having to brief these issues (including, but not limited to, any attorney's fees incurred in submitting the present brief).

2. An order: (a) denying Plaintiff's Motions for Leave *Instanter* (i.e., Doc Nos. 68 and 69); (b) not considering and/or striking all of Plaintiff's original exhibits filed in support of his original Opposition to Defendants' Motion for Summary Judgment (i.e., Doc. Nos. 65-1–65-13); and (c) not considering and/or striking pages 21 through 31 of Plaintiff's original Memorandum in Support of his original Opposition to Defendants' Motion for Summary Judgment (i.e., Doc. No. 65, PageID Nos. 1401–1411).  In other words, an order providing the relief Defendants sought in their Objections and Motion to Strike (Doc. No. 67).

Defendants also respectfully submit that—given Plaintiff's and his lead counsel's habitual and apparently willful disregard of this Court's case management orders—dismissal of Plaintiff's claims is also warranted as a sanction under the circumstances.

## II.    LAW AND ARGUMENT

### A.    The Standard for Sanctions Under Rule 16(f)

Rule 16(f) authorizes courts to issue "just orders" for failure to follow a scheduling or other pretrial order:

> (f) SANCTIONS.
>
>    (1) *In General.* On motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)–(vii), if a party or its attorney:
>
>        (A) fails to appear at a scheduling or other pretrial conference;
>
>        (B) is substantially unprepared to participate—or does not participate in good faith—in the conference; or
>
>        (C) **fails to obey a** scheduling or other **pretrial order**.
>
>    (2) *Imposing Fees and Costs.* Instead of or in addition to any other sanction, the court must order the party, its attorney, or both to pay the reasonable expenses—including attorney's fees—incurred because of any noncompliance with this rule, unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 16(f) (emphasis added).

Per Rule 16(f)(2), a district court must require the party, the attorney representing the party, or both to pay the reasonable expenses incurred because of any noncompliance with this rule, including attorney's fees, unless the judge finds that the noncompliance was substantially justified or that other circumstances make an award of expenses unjust.  *See Lethiot v. JB Hunt Shipping*, No. 3:14-CV-488-CRS, 2017 WL

3044762, at *13 (W.D. Ky. July 18, 2017) ("Rule 16(f) mandates that, "[i]nstead of or in addition to any other sanction, the court **must** order the party, its attorney, or both to pay the reasonable expenses— including attorney's fees—incurred because of any noncompliance with this rule, unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust.") (emphasis original in opinion).

In general, "the imposition of appropriate sanctions under Rule 16(f) does not require a finding of bad faith or contumacious conduct," and the "imposition of monetary sanctions under Rule 16(f)(2) does not require a showing of prejudice in order to justify the sanctions."  3 Moore's Federal Practice - Civil § 16.91 (2022).  *See also Huebner v. Midland Credit Mgmt.*, 897 F.3d 42, 53 (2nd Cir. 2018) ("In deciding whether a sanction is merited, the court need not find that the party acted in bad faith. The fact that a pretrial order was violated is sufficient to allow some sanction."); *John v. Louisiana*, 899 F.2d 1441, 1448-49 (5th Cir. 1990) ("Since the purpose of rule 16(f) is to 'encourage forceful judicial management' of litigation, as well as to improve the quality of the trial through more thorough preparation, prejudice resulting from a party's noncompliance with the rules need not be shown.").

### B.    Plaintiff And His Lead Counsel Failed to Obey the Court's September 8, 2022 Order by Not Attending the October 24, 2022 Hearing.

Plaintiff's first violation of Rule 16(f) is straightforward and obvious:  As noted in the Court's October 24, 2022[1] Minutes of Proceedings, neither Plaintiff nor his lead counsel attended the hearing, despite the Court's express requirement that both do so.  This failure to obey the Court's September 8, 2022 Order wasted the time of the Court, the Defendants' representatives, and Defendants' counsel.  In addition, this failure to obey caused Defendants to incur unnecessary attorney's fees and expenses associated with preparing for and attending the hearing.  This was obvious to Plaintiff's counsel, Patrick Perotti, as demonstrated by his offer, on the record, to pay Defendants' expenses associated with their attendance at the hearing.  Thus, the bare minimum for appropriate sanctions is an award requiring Plaintiff and his

---

[1] It is worth noting Plaintiff's lead counsel affirmatively agreed to this date for the hearing.  (*See* Stipulated Motion, Doc. No. 72).

3

attorneys to pay Defendants' reasonable expenses, including attorney's fees, incurred because of their failure to attend the October 24, 2022 hearing.[2]

**C.    The Standard for Sanctions Under Rule 37(b) (Cross-Referenced in Rule 16(f)).**

Rule 37(b) also gives courts broad discretion in fashioning appropriate sanctions for Rule 16(f) violations and bad faith conduct.  For example, in addition to requiring a party's attorney, the party itself, or both to pay the reasonable expenses incurred because of noncompliance with Rule 16, a district court may:

- Refuse to allow the disobedient party to support or oppose designated claims or defenses, or prohibit that party from introducing designated matters into evidence (*see* Rule 37(b)(2)(A)(i)–(ii)); and/or

- Strike out pleadings (or parts of pleadings) (*see* Rule 37(b)(2)(A)(iii)).

*In addition, dismissal of the action itself may be an appropriate sanction when a party has engaged in a pattern of serious disobedience or noncompliance with court orders*.  Rule 37(b)(2)(A)(v). *See also AngioDynamics, Inc. v. Biolitec AG*, 780 F.3d 429, 435 (1st Cir. 2015) (where a party's conduct was "severe, repeated, and deliberate, with no legitimate or mitigating explanation for non-compliance," default judgment was the appropriate sanction under Rule 37(b)(2)(A)(v)).  *Wade Farms, LLC v. Ceed2Med, LLC*, No. 5:19-CV-124-TBR, 2021 WL 2546721, at *1 (W.D. Ky. June 21, 2021), is instructive.  There, the defendant/counter-plaintiff's counsel moved to withdraw as counsel of record, after which the court ordered defendant/counter-plaintiff to retain new counsel within thirty days.  *Id.*  The defendant/counter-plaintiff, however, did not comply with the court's order to retain new counsel, and thereafter did not attempt "to contact the Court, comply with court orders, participate in telephonic proceedings, or otherwise defend the claims against it or prosecute its counterclaims."  *Id.*  The court recognized that "Rule 16(f) provides that when a party fails to appear at a pretrial conference or fails to obey a pretrial order, the Court may render a default judgment against the disobedient party, or dismiss the action in whole or in part, or both."  *Id.* at *2.  Based on the court's findings that the defendant/counter-

---

[2] Such expenses would necessarily include the attorney's fees incurred in preparing the present motion.

plaintiff had, among other things, engaged in willful bad faith, and the plaintiff/counter-defendant had suffered prejudice, the court granted the counterclaims with prejudice. *Id.* at *3-4.

### D.     Additional Sanctions Are Warranted Under Rule 37(b) Because Plaintiff's Failure to Adhere to the Court's Other Standing Orders Created the Need for the Hearing in the First Place.

Here, Plaintiff's habitual flaunting of this Court's pretrial orders has created an unnecessary game of "procedural whack-a-mole"—a game that continues to run up the costs and fees associated with this relatively straightforward case and distracts from litigating its merits.  Indeed, as the Court has noted, Plaintiff has clearly engaged in a pattern of noncompliance with this Court's orders:

> Had this been Plaintiff's counsel's first or second time asking for an extension and/or submitting something late, counsel's arguments may not be so troubling.  But they are.

(July 6, 2022 Order, p. 3 (internal case citations and quotations omitted)).

In fact, Plaintiff's habitual failure to adhere to this Court's other standing orders necessitated the October 24, 2022 hearing in the first place.  Defendants' Objections and Motion to Strike (Doc. No. 67) are straightforward and pose just two discrete issues: (1) Are Plaintiff's unauthenticated exhibits admissible on summary judgment?; and (2) May Plaintiff exceed the Court's dispositive-motion page limitations with impunity?  Rather than addressing (via an opposition brief) those two narrow issues alone, Plaintiff instead ***sought leave to file another opposition brief to Defendants' motion for summary judgment***—in direct violation of this Court's Scheduling Order:

> No request for an extension of time [regarding dispositive motions] will be entertained unless it is filed prior to the response date from which extension is sought and it indicates whether opposing counsel consents or objects to the requested extension.

(Nov. 24, 2020 Case Management Conf. Order (Doc. No. 16), p. 2).  Not only that, but Plaintiff's putative opposition brief contains materially new arguments, i.e., it injects new arguments as if on sur-reply which, again, is a direct violation of the Court's standing orders.  *See id.* ("No sur-reply brief may be filed without leave of Court.").

**E.**      **Defendants Respectfully Request the Court Issue Appropriate Sanctions to Plaintiff and His Lead Counsel Pursuant to Rules 16(f) and 37(b).**

In light of the foregoing, Defendants respectfully request the Court issue an appropriate set of sanctions to Plaintiff and his lead counsel, arising most recently out of: (1) The failure of Plaintiff and his lead counsel to appear for or attend the October 24, 2022 hearing; and (2) Plaintiff's untimely and unnecessary Motions for Leave *Instanter* to File Revised Opposition Briefs (*see* Doc. Nos. 68–69). Specifically, Defendants respectfully submit such sanctions should include, at a minimum:

1.      An order requiring Plaintiff and his lead counsel to pay Defendants' reasonable expenses, including attorney's fees, incurred because of their: (a) failure to attend the October 24, 2022 hearing; and (b) filing of the untimely and unnecessary Motions for Leave *Instanter* (i.e., Doc Nos. 68 and 69).  This order should specifically include any attorney's fees incurred because of Defendants having to brief these issues (including, but not limited to, any attorney's fees incurred in submitting the present brief).

2.      An order: (a) denying Plaintiff's Motions for Leave *Instanter* (i.e., Doc Nos. 68 and 69); (b) not considering and/or striking all of Plaintiff's original exhibits filed in support of his original Opposition to Defendants' Motion for Summary Judgment (i.e., Doc. Nos. 65-1–65-13); and (c) not considering and/or striking pages 21 through 31 of Plaintiff's original Memorandum in Support of his original Opposition to Defendants' Motion for Summary Judgment (i.e., Doc. No. 65, PageID Nos. 1401–1411).  In other words, an order providing the relief Defendants sought in their Objections and Motion to Strike (Doc. No. 67).

***Defendants also respectfully submit that—given Plaintiff's and his lead counsel's habitual and apparently willful disregard of this Court's case management orders—dismissal of Plaintiff's claims is also warranted as a sanction under the circumstances***.  *See, e.g., Laukus v. Rio Brands, Inc.*, 292 F.R.D. 485, 514 (N.D. Ohio 2013) ("When, as here, parties and their counsel willfully disregard their obligations to proceed in good faith, dismissal is warranted.").

Dated:  October 26, 2022                                      Respectfully submitted,

                                                                              */s/ Ryan J. Morley*
                                                                              Ryan J. Morley (0077452)
                                                                              John W. Hofstetter (0087731)
                                                                              LITTLER MENDELSON, P.C.
                                                                              Key Tower
                                                                              127 Public Square, Suite 1600
                                                                              Cleveland, OH 44114-9612
                                                                              Telephone: 216.696.7600
                                                                              Facsimile:  216.696.2038
                                                                              rmorley@littler.com
                                                                              jhofstetter@littler.com

6

Attorneys for Defendants,
The Kirby Company and
The Scott Fetzer Company

## CERTIFICATE OF SERVICE

I hereby certify that, on this 26th day of October, 2022, a true and accurate copy of the foregoing was electronically filed.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this document through the Court's electronic filing system.

*/s/Ryan J. Morley*