# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| IBRAHIM SHARQAWI,<br><br>        Plaintiff,<br>v.<br><br>THE KIRBY COMPANY, *et al.*,<br><br>        Defendants. | CASE NO. 1:20-cv-00271<br><br>JUDGE BRIDGET MEEHAN BRENNAN<br><br>**PLAINTIFF'S BRIEF ASSERTING WHY ALL DISPUTED EXHIBITS ARE ADMISSIBLE** |

Pursuant to this Court's Order, found in the 10/24/2022 Minutes of Proceedings, Plaintiff respectfully submits the following law on the pending issue of authentication of the Exhibits submitted (Doc #: 65) in support of Plaintiff's Opposition to Summary Judgment. The following is also in support of Doc #: 68, in which Plaintiff opposed the Defendants' motion to strike those Exhibits.

In its Doc #: 67, "Defendants' Objections to, and Motion to Strike *Plaintiff's Exhibits filed in support of Opposition to Motion for Summary Judgment*," Defendants asked the court to strike all 13 of the Exhibits on the basis they are not authenticated. However, with the exception of Exhibits 2, 3 and 4, all the challenged Exhibits were produced by Defendants in discovery. They were Bates stamped by Defendants as Defendants' Exhibits. Many of them were marked by Defendants as "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER" and/or redacted by Defendants.

Rather than disputing the authenticity of the documents (other than Exhibit 4), Defendants makes a process argument, i.e., that Plaintiff has failed to perform the process of authenticating the documents. That argument fails because the documents are self-authenticating.

Fed. Evid. R. 901(b)(4) provides that a document is subject to authentication by its "appearance, contents, substance, internal patterns, or other distinctive characteristics . . . taken together with all the circumstances." That can be documents Bates numbered by the party as their exhibit; documents redacted by the party; document containing the identification of the party (letterhead; logo; signature of a corporate officer); documents whose "appearance, content or substance" show it is from the party (e.g., text messages by company personnel about company business). And, this self-authentication applies perforce to documents produced in discovery by the Defendants.

Other than Exhibits 2, 3 and 4, all the Exhibits were produced by Defendants in discovery. Professors Wright and Miller explain that "Authentication can . . . be accomplished through judicial admissions such as . . . production of items in response to a discovery request." 31 Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. Evid. Sect. 71-5 (2d. Ed.).

"'[D]ocuments produced by a party in discovery are deemed authentic when offered into evidence by the producing party's party opponent.'" *Walsh v. Fusion Japanese Steakhouse, Inc.,* 585 F. Supp.3d 765, 781 (W.D. Pa. 2022) (quoting *Schedler v. Fieldturf United States,* No. 3:16-CV-344-PK, 2018 WL 7132502, at *5 (D. Or. Sept. 11, 2018)). Thus, documents offered into evidence by the plaintiff are self-authenticating if they were produced by the defendant. *Walsh* at 781.

Sixth Circuit law is the same: documents produced by a party opponent are self-authenticating if circumstantial evidence supports authenticity. *Dority v. Wal-Mart Stores East, L.P.,* No. 2:19-cv-02881-SHL-tmp, 2020 WL 8267586, *4 (W.D. Tenn. Dec. 21, 2020) (citing *Worthy v. Michigan Bell Tel. Co.,* 472 F. App'x 342, 344 (6th Cir. 2012)). For example, documents produced by Walmart containing a Walmart logo, a Walmart store name, a Walmart footer, or a

2

Walmart confidential designation are self-authenticating. *Dority,* 2020 WL 8267586 at *4, The *Dority* court found it "disingenuous for [Wal-Mart] to object to copies of documents that it produced to Plaintiff[ ] pursuant to discovery requests." *Ibid.* (quoting *Churches of Christ in Christian Union v. Evangelical Ben. Tr.,* No. C2-07-CV-1186, 2009 WL 2146095, at *5 (S.D. Ohio July 15, 2009)).

Here, the subject Exhibits (1, 5, 6, 7, 8, 9, 10, 11, 12, 13) were all produced by Defendants in discovery. Many were designated by Defendants as "CONFIDENTIAL-Subject to Protective Order," and were redacted by Defendants. These are Defendants' sales reports; Defendants' Anti-Harassment policy; business text messages between Defendants' supervisors; company e-mails; company records of the investigation of Plaintiff's claims. Each of those documents is also Bates stamped by Defendants as a Defendants' Exhibit. *See*, Exhibits 1 (D-0000945-0000953), 5 (D-0000590-0000591), 6 (D-0003752), 7 (D-0001061), 8 (D-0004723), 9 (D-0001148-0001149), 10 (D-0003732-0003745), 11 (D-0001671-0001674), 12 (D-0001738-0001761), 13 (D-0001706-0001708).[1] Courts chastise the practice of technical objections, when the substance is not in dispute, saying: "Defendants cannot have it both ways. They cannot voluntarily produce documents and implicitly represent their authenticity and then contend they cannot be used by the

---

[1] 1. Company supervisor text messages
2. Company President Reitmeier text messages
3. Groedel letter of representation
4. Plaintiff accountant letter
5.-8. Company sales records
9. Company termination letter
10. Company response to Groedel letter
11. Company notes
12. Company investigation of Plaintiff's complaints
13. Company Anti-Harassment policy

Plaintiffs because the authenticity is lacking." *Lorraine v. Markel Amer. Ins. Co.,* 241 F.R.D. 534, 553 (D. Md. 2007).

Moving to Exhibit 2, this document is text messages between Plaintiff on one hand and Defendants' President, and Plaintiff's Supervisor, on the other. The texts all discuss work and relate solely to Kirby. The document's "appearance, contents, and substance" identify it not only as a Kirby document, but one dealing specifically with the subject of this lawsuit: performance of Plaintiff in this job.

Next, Exhibit 3 is the Letter of Representation from Plaintiff's attorney sent to Defendants through its attorney. It is on letterhead; dated; addressed to Defendants' Counsel; and signed by Plaintiff's counsel. Yet the "appearance, contents, and substance" leave no doubt what it is: a letter of representation regarding the Plaintiff to counsel for the Defendants. Defendants do not challenge this, do not deny its authenticity of the letter, and do not claim it was not received. Defendants surely can challenge the content of the letter (which describes actions taken against Plaintiff) but the letter is not offered for the proof of the matters asserted, but to show that Defendants were notified of Plaintiff's allegations immediately before Plaintiff was fired.

Finally, Exhibit 4 is a letter from Plaintiffs accountant, with the first page listing the 401k contributions to Plaintiff's plan over specific years. Since that information is not pertinent to the pending summary judgment motion, and rather solely for damages, it is withdrawn as an exhibit on the pending summary judgment. The remaining pages enumerate business expenses of Plaintiff. The document was not authenticated by its sender, the accountant, but he actually could not testify to the truth of the amounts, only that they were contained in tax filings. As to the truth of the listings, Plaintiff has submitted an affidavit confirming the figures. That affidavit is subject

4

to the pending motion for leave, and it is appropriate for that material to be decided based on the ruling on that leave request.

The Company name, e-mail header, logo, signature of officer, company sales information appear clearly on many of these documents, including things such as redaction by the Company and the Company marking them "Confidential-Subject to Protective Order." The description of each Exhibit, with attribution, is Exhibit A. Because the Exhibits show, by their subject matter, Company markings, addresses, officer signatures; to be from the Company and its managers, authentication is sufficient unless the party denies the document. Defendants have not done so here (with the exception of Exhibit 4, the letter from Plaintiff's accountant).

## CONCLUSION

With the exception of 3 documents, these Exhibits are records of the Company, produced by the Company, and Bates stamped by the Company. Many are redacted by the Company and marked Confidential by the Company, and conspicuously have the Company header; signatures of Company officers with their title; and company e-mails by Company executives. Most important, with one exception (Exh. 4), Defendants do not assert that any of the Exhibits is not what it is claimed to be, and that is the touchstone of authenticity. *Lubritz v. AIG Claims, Inc.,* No. 2:17-cv-02310-APG-NJK, 2018 WL 7360623, at *4 (D. Nev. Dec. 18, 2018) (authentication is satisfied if the evidence is sufficient to support a finding that the document is what its proponent claims).

In *Lubritz* the court faulted the party seeking to strike Exhibits to which it made no substantive challenge. In *Lubritz v. AIG Claims, Inc.,* 2018 WL 7360623 (D. Nev. 12/18/2018), the court dealt with a challenge, by a party, to the 'authentication' of various documents, despite neither party raising actual dispute as to their authenticity, or source. Those documents, as here, primarily involved business records. The court chided the objecting party for making a technical

objection to materials that neither party actually disputed. "Lubritz does not dispute the actual authenticity of a single exhibit. Instead, he challenges only AIG's failure to provide authentication. Lubritz is in a position to know whether these documents are authentic. The parties, and this court, have expended time and resources addressing the authentication of documents about which the parties, in the end, have no real dispute." *Id*.

The motion to strike Exhibits 1-13, with the exception of Exhibit 4, should be denied. As to part two of Exhibit 4 (the enumeration of expenses), the admissibility of that document should be decided on the pending motion to file Doc#: 68-14 instanter. Finally, Plaintiff hereby withdraws Exhibit 4 as to part one, on page one, the listing of 401k contributions, since that issue is not pertinent to the pending summary judgment motion.

APPENDIX A. (LIST OF EXHIBITS, SHOWING SUBJECT AND ORIGIN)

- Exhibits 1 and 2 are Text messages of Company supervisors on work, sales and performance activities. Exhibit 1 was produced by Kirby in discovery and Bates stamped as Defendants' exhibits. Exhibit 1 is Bates D-945-953. Exhibit 2 was produced by Plaintiff and is business text messages from and to Kevin Reitmeier, Defendants' President of North American operations, and Plaintiff's boss. Defendants have not disputed what they are, nor claimed they are not authentic.
- Exhibit 3 is the Letter of Representation from Plaintiff's Counsel to Company external counsel, Patrick O. Peters of Jackson Lewis, which Defendants do not dispute as being same, nor claimed it is not authentic.
- Exhibit 4 is a Letter from an accountant, and is Plaintiff's exhibit. It is two parts. First, it is a listing of the 401k contributions due Plaintiff for years 2010-2018. This portion of the Exhibit is not authenticated and therefore withdrawn, since it does not bear on the issues

being raised in summary judgment. Second, Exhibit 4 is an enumeration of business expenses for various years of Plaintiff's employment. It was not verified by the accountant, and could not be verified by him as to the accuracy of the figures, only as to whether they were filed with tax returns. Plaintiff has verified the listed expenses as true and accurate, by his Affidavit, executed 8-12-2022 and filed 8-13-2022 as Doc. 68-14. This affidavit is subject to the pending filing (Doc #:68).

- Exhibits 5, 6, 7, and 8 are sales reports from Defendants. They were produced by Kirby in discovery and marked as Defendants' exhibits (Exhibit 5 is Bates D 590-591; Exhibit 6 is Bates D-3752; Exhibit 7 is Bates D-1061; Exhibit 8 is Bates D-4723.) Defendants further marked them confidential. Defendants have not disputed what they are, nor claimed they are not authentic.

- Exhibit 9 is the Charles Nugent termination letter, from Kirby on Defendants' letterhead. It was produced by Defendants, Bates stamped as Defendants' exhibit, and marked confidential by Defendants. (Bates stamp, D-1148-1149). Defendants have not disputed what this is, nor claimed it is not authentic.

- Exhibit 10 is the Company's response to the Exh. 3 Letter of Representation, in the form of e-mails identified as being from the "Vice President and General Counsel" of the Company. It was produced in discovery, and Bates Stamped by the Company as D-3732-3745. Defendants have not disputed what this is, nor claimed it is not authentic.

- Exhibit 11 are Company notes regarding DS Terwilliger, Bates Stamped by the Company as D-1671-1674; redacted by the Company; and marked by the Company as "Confidential-Subject to Protective Order." Defendants have not disputed what this is, nor claimed it is not authentic.

- Exhibit 12, Company's e-mails on investigation of Plaintiff's charges, Bates Stamped by the Company as D-1738-1761.  Defendants have not disputed what they are, nor claimed they are not authentic.

- Exhibit 13 is the Scott Fetzer 'Anti-Harassment Policy'.  Again, this was produced by Defendants; Bates stamped as Defendants' exhibit D-1706-1708; and marked confidential by Defendants.  Defendants have not disputed what this is, nor claimed it is not authentic.

Respectfully submitted,

*/s/ Patrick J. Perotti*
Patrick J. Perotti, Esq. (#0005481)
**DWORKEN & BERNSTEIN CO., L.P.A.**
60 South Park Place
Painesville, Ohio 44077
(440) 352-3391 (440) 352-3469 Fax
Email:  *pperotti@dworkenlaw.com*

Caryn M. Groedel, Esq. (#0060131)
**CARYN GROEDEL & ASSOCIATES CO., LPA**
208 Spriggel Drive
Munroe Falls, OH 44262
1291 SW Mulberry Way
Boca Raton, FL 33486
Phone: (440) 230-3808
(440) 207-9557
Fax: (440) 664-2478
*cgroedel@groedel-law.com*

*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

A copy of the foregoing was filed electronically on October 26, 2022.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*/s/ Patrick J. Perotti*
Patrick J. Perotti, Esq.
