IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IBRAHIM SHARQAWI,<br><br>    Plaintiff,<br> v.<br><br>THE KIRBY COMPANY, *et al.*,<br><br>    Defendants. | CASE NO. 1:20-cv-00271<br><br>JUDGE BRIDGET MEEHAN BRENNAN<br><br>**PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION FOR SANCTIONS** |

  Defendants have moved (Doc. 76) for sanctions pursuant to Fed. Civ. R. P. 16(f) and 37(b). The request states it is based on violation of Court's orders, rules and procedures to the prejudice of Defendants, and lack of excuse for same. It further argues it is based on: "1) failing to provide [to] Defendants' documents before Plaintiff's deposition; 2) providing Defendants documents never produced by Plaintiff during Plaintiff's deposition; (3) using documents never produced to Defendants as Exhibits at David Lamb's deposition."

  The motion seeks sanctions of ordering "Plaintiff and his lead counsel to pay Defendants' reasonable expenses, including attorney fees, incurred because of their [i.e. Plaintiff and lead counsel's]: (a) failure to attend the October 24, 2022 hearing; and filing of the untimely and unnecessary Motions for Leave *Instanter* (i.e. Doc Nos. 68 and 69)." The motion seeks further sanctions of denial of the Motion for Leave *Instanter*; striking all of the **original** Exhibits [i.e., 1-13] in opposition to summary judgment; and striking pages 21-31 of Plaintiffs' original opposition to Defendants' Motion for Summary Judgment.

1

Finally, the motion "submits" that dismissal of Plaintiff's action is proper.[1]

It is acknowledged (as it was on record on October 24, 2022) that willful misconduct or contumacious defiance is not required under Rules 16 or 37 for sanctions of conduct which causes prejudicial expense to the opposing party. Actions based on carelessness suffice. The motion is therefore well-taken as to the demand for Defendants costs, expenses and fees relating to October 24, 2022.

It is requested that the Court deny the demand to strike all of the Exhibits opposing summary judgment. Defendants are challenging those exhibits as originally filed. No claim is made those Exhibits were untimely, or in violation of pre-trial or other orders. The challenge to them is on authenticity grounds, and it is respectfully submitted as discussed in Doc. 77, under Sixth Circuit law the challenge is not well taken.

It is requested the Court deny the demand to strike pages 21-23 of the Memorandum Opposing Summary Judgment. Again, that challenge is directed to the Memorandum opposing Summary Judgment. The Memorandum was timely filed on July 15, 2022. The Memo exceeded the Standard Track Local rule by 11 pages. Defendants did not contend that they were unable to respond to all the arguments and authority in the Opposition based on the additional pages; or that anything in the additional pages was repetitious or inappropriate; and did not assert they needed additional pages to file a reply. They replied to all the argument made, in their Reply filed July 29, 2022.

---

[1] Defendants' motion duplicates the Court's *sua sponte* orders dealing with show cause on civil contempt, Doc. ##74-75, relating to the non-appearance on October 24, 2022. On the civil contempt, the Court has not asked for briefing and solely Declarations by Lead Counsel and the Named Plaintiff.

It is requested that the Court deny sanctions for the matters alleged in items 1-3 of the Motion, cited above, dealing with document production. Those allegations are false, and they do not relate to any Court order, rule or procedure, as discussed below. It is submitted that those matters were added by Defendants solely for incitement, which is not proper especially when the claimed acts are false.

It is finally requested the Court deny the suggestion of dismissal with prejudice of Plaintiff's action. Plaintiff failed to appear on October 24, 2022 due to not being informed he should appear. The other matters at issue are alleged against counsel, not plaintiff, and the ultimate sanction of dismissal would therefore be excessive.

## DISCUSSION.

Rule 16 deals with failure to follow scheduling or pretrial orders. Defendants raise multiple issues in their sanctions motion but only the failure to appear involves scheduling or pretrial orders. The sanctions available for that violation include the sanctions listed in Rule 37(b)((2)(A)(ii)-(iv). There is no question that the failure to appear on October 24, 2022 was not in compliance with a court order. Defendants improperly go beyond that however, asserting that Lead Counsel is a 'vexatious litigator.' That is not reasonable.

Defendants cite *Wade Farms, LLC v. Ceed2Med, LLC,* 2021 WL 2546721 (W.D. Ky. June 21, 2021) as 'instructive.' That case involved a court order to retain new counsel following withdraw of existing counsel. In response, the party did not comply with the order to obtain new counsel; did not contact the court again; did not comply with Court Orders; failed to participate in the telephonic proceedings; and failed to defend the claims against it or prosecute its counterclaim. *Id*.

This case does not involve abandonment of the litigation. It involves a late filings; exceeding page limits; and personal non-appearance in violation of a scheduling order. Those are not excused. The court order violation falls within Rule 16 and sanction is proper.

But it is respectfully submitted that Defendants can see the conduct here is not equivalent to *Wade Farms,* and for that reason add other claims, but which are not true.

There is no evidence of any 'withholding' documents. It is not reasonable to state that falsely to this Court. That is a discovery matter, and the record shows this Court gave the parties opportunity to identify any discovery problems, (PageID # 853 at bullets 3 and 4), but none were cited, including this alleged event. Likewise, the transcripts of the deposition of Plaintiff, and the deposition of Mr. Lamb (defendant's officer), contain no mention by defense counsel of any failure to produce; use of non-produced exhibits; or anything similar.

It is incorrect to argue that delay in this case since its filing was "due to Plaintiff's counsel's own failure to respect this Court's deadlines—particularly the discovery deadlines (Doc. No. 59 at PageID 852-853)." None of the events listed at 852-853 were attributed by the Court to Plaintiff's counsel, rather than joint conduct by both sides.

The power to cite for contempt is one used properly but sparingly. Since the objective sought is available through sanction under Rule 16, rather than an on-record contempt finding which remains forever against the attorney, the sanctions avenue is requested. In *Metron Nutraceuticals, LLC v. Cook*, 2021 WL 2946157 (N.D. Ohio 2021), the court stated that "A decision on a contempt petition is within the sound discretion of the trial court," but "the power 'to punish for contempts' should not be used lightly...." Instead, the court granted the other party's motion for attorneys' fees related to failure to comply with the order as a discovery sanction.

4

Likewise, dismissal should not be used. In *Holt v. Zappa*, 758 F.2d 652 (6th Cir. 1985), the Court found that the case should not be dismissed when other sanctions were available and stating "The dilatory performance of plaintiffs' several counsel cannot be excused. However, dismissal is an extreme sanction, one that our Court has long held should be invoked only rarely. The sanction should be used only when no less powerful or ultimate sanction is available. This Court is under a duty to scrutinize dismissals with the utmost care." (Internal citations omitted).

Likewise, in *Jacobs v. Wilkinson*, 51 F.3d 272 (6th Cir. 1995) the Court reversed dismissal of the case as a sanction, stating that "[t]he dismissal of an action is a harsh sanction which a court should order only in extreme situations where there is a showing of a clear record of delay or contumacious conduct by the plaintiff. Absent a showing of a clear record of delay or contumacious conduct, the order of dismissal is an abuse of discretion such that the district court is limited to lesser sanctions designed to achieve compliance."

There is no claim that any of the challenged actions here were sought to delay this case, nor to defy the court. The parties jointly did not move the case along. The conduct of Lead Counsel of failure to appear on October 24, 2022, even coupled with late filings and exceeding a page limit, would make dismissal of the entire action, with prejudice, excessive.

In *Pearce v. Apfel*, 205 F.3d 1341 (6th Cir. 2000) (Internal citations omitted), the Court explained that "We have held that dismissal of an action is a harsh sanction which the court should order only in extreme situations where there is a showing of a clear record of delay or contumacious conduct by the plaintiff. Absent this showing, dismissal is an abuse of discretion, and the court is limited to lesser sanctions to achieve compliance with its scheduling orders. Indeed, [t]he sanction of dismissal is appropriate only if the attorney's dilatory actions amounted to failure to prosecute and no alternative sanction would protect the integrity of pre-trial

5

procedures.  The availability of less severe alternatives is an indispensable consideration since this Circuit has been extremely reluctant to uphold the dismissal of a case ... merely to discipline an errant attorney because such a sanction deprives the client of his day in court. In this vein, we have concluded that [d]ismissal is usually inappropriate where the neglect is solely the fault of the attorney."

It would clearly be different if no one appeared for Plaintiff on October 24, 2022.  Instead, counsel appeared but not lead-counsel and named Plaintiff, due to failing to note that directive in the scheduling order.

For all these reasons, it is requested that sanctions pertain to the prejudice from the non-appearance on October 24, 2022.  (The admissibility of Exhibits 1-13 is separately pending before the court on the briefing ordered by the Court at Minutes of Proceedings of 10/24/2022.  The issue of the length of the Opposition Brief is being considered by the Court on October 31, 2022.)

    Respectfully submitted,

/s/ Patrick J. Perotti
Patrick J. Perotti, Esq. (#0005481)
**DWORKEN & BERNSTEIN CO., L.P.A.**
60 South Park Place
Painesville, Ohio 44077
(440) 352-3391 (440) 352-3469 Fax
Email:  *pperotti@dworkenlaw.com*

Caryn M. Groedel, Esq. (#0060131)
**CARYN GROEDEL & ASSOCIATES CO., LPA**
208 Spriggel Drive
Munroe Falls, OH 44262
1291 SW Mulberry Way
Boca Raton, FL 33486
Phone: (440) 230-3808
(440) 207-9557
Fax: (440) 664-2478
*cgroedel@groedel-law.com*

*Counsel for Plaintiff*

6

**CERTIFICATE OF SERVICE**

      A copy of the foregoing was filed electronically on October 28, 2022. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                                               */s/ Patrick J. Perotti*
                                               Patrick J. Perotti, Esq.