UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OHIO

| | |
|---|---|
| IBRAHIM SHARQAWI, | CASE NO. 1:20-CV-00271-BMB |
| Plaintiff, | JUDGE BRIDGET MEEHAN BRENNAN |
| v. | DECLARATION OF ATTORNEY CARYN M. GROEDEL UNDER 28 U.S.C. §1746 |
| THE KIRBY COMPANY, ET AL., | |
| Defendants. | |

I, Caryn M. Groedel, declare as follows:

1. I have personal knowledge of the facts set forth in this Declaration, and can testify competently to such facts under oath.

2. I am President of Caryn Groedel & Associates Co., LPA.

3. I practiced law in Washington, D.C. from 1986 to approximately 1989, and in Maryland from 1989 to 1992.

4. In June 1992, I relocated to Cleveland, Ohio, and in 1993, began practicing law in Ohio as the Executive Director of the Women's Law Fund.

5. In approximately June of 1996, I opened my own firm.

6. I am a member in good standing of the State Bar of Ohio, the United States District Court for the Northern District of Ohio, and the Sixth Circuit Court of Appeals, and I am an Ohio certified specialist in labor and employment law.

5. Since my paralegal, Christina Carey, began working for my firm approximately ten years ago, I have done no calendaring of deposition dates, due dates, oral argument dates, or

1

otherwise. Calendaring has been almost exclusively by Ms. Carey, and occasionally by a law clerk or associate.

8. In this case, an e-mail of the Court's order regarding the oral argument on Defendants' Motion to Strike and Objection to Plaintiff's Opposition to Defendants' Motion for Summary Judgment and Motion for Leave to file an Opposition in Excess of L.R. 7.1's Page Limitation was received and was originally set by our office for October 13, 2022.

9. I was contacted by defense counsel asking for the matter to be reset, to which I agreed, and the parties jointly filed that request at Doc. #72.

10. By Order dated 9/13/2022, this Court continued the matter to October 24, 2022. .

11. Since I was to be out of town on October 24, and since the oral argument had already been rescheduled once, I asked Co-counsel Patrick Perotti if he could appear, which he agreed to do.

12. I overlooked the provision directing attendance of Lead Counsel and the parties. Following the rescheduling, the event was based on the entry of 9/13/2022, which did not have the additional language about Lead Counsel and parties.

12. I am aware that I have a responsibility to read Court orders, and recognize now that the 9/08/2022 Court Order in the last sentence directs the attendance of lead counsel and parties.

13. I acknowledge that I overlooked that portion of the Order, but state that I did not do so out of contempt or disrespect for the Court.

14. I understand that my oversight affected the Court's schedule and the Defendants, and confirm that Mr. Perotti was correct in agreeing to pay sanctions accordingly.

2

14. I understand that my oversight affected the Court's schedule, and agree that Mr. Perotti was correct in agreeing to pay sanctions accordingly.

15. It is my sincere wish that the Court understands that my oversight was not a slight to the Court or opposing counsel, and pray that the Court takes this into consideration when ruling on Defendants' Motion for Sanctions.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 28th day of October, 2022.

_____
CARYN M. GROEDEL